USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/21/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UQUINN BANKS,

           Petitioner,

v.

CHRIS MILLER,

           Respondent.

16-CV-7935 (RA)

ORDER ADOPTING REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

    Uquinn Banks, proceeding *pro se*, is a state prisoner who pleaded guilty to various state drug offenses in 2012 and was sentenced to twenty years in prison. He now petitions this Court for federal habeas relief under 28 U.S.C. § 2254. He asserts three grounds for relief: first, that his sentence was excessively harsh; second, that his guilty plea and subsequent waiver of appeal were not voluntary, knowing, or intelligent and the trial court improperly denied his motion to withdraw his plea; and third, that his counsel was ineffective during the plea process. On October 18, 2017, Magistrate Judge Parker issued a Report and Recommendation that his petition be dismissed in its entirety. Dkt. 19 at 30. In that Report, Judge Parker recommended that the first two claims be dismissed as procedurally barred and the third claim for ineffective assistance be denied on the merits.

    Normally, Petitioner would have had seventeen days to object to the Report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Due to some confusion regarding Petitioner's address (he had changed correctional facilities), however, the Court extended his time to file objections until January 2, 2018. Dkt. 21. In a letter dated December 25, 2017, which was received by the Court and filed on January 5, 2018, Petitioner submitted the following objection(s): "I Petitioner Uquinn Banks object to the conclusion recommends [sic] that the petition be dismissed in its

entirety d[ue] to the fact that all grounds are more evidence in the motions in the motion [sic] to withdraw the plea[,] the lawyer [who represented Banks in signing the plea] stated he was ineffective." Dkt. 22.*

"In reviewing a Report and Recommendation, a district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009) (citation omitted). "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Hancock v. Rivera*, No. 09-CV-7233 (CS) (GAY), 2012 WL 3089292, at *1 (S.D.N.Y. July 30, 2012) (citation omitted). Petitioner's failure to file written objections "to any purported error or omission in a magistrate judge's report" will cause him to "waive[] further judicial review" of the magistrate judge's decision on appeal. *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003); *see also Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party "makes conclusory or general objections, or simply reiterates his original arguments," however, "the Court reviews the Report and Recommendation only for clear error." *Alaimo*, 650 F. Supp. 2d at 291.

---

* In a follow-up letter received by the Court and filed on July 5, 2018, Petitioner stated that his sentence was "illegal," as the district attorney had informed Banks that he would "only [g]et 4 years" pursuant to an "oral agreement." Dkt 28. Petitioner did not raise this claim in his habeas petition, however, and the Court will not consider it. *See, e.g., Davis v. Herbert*, No. 00 Civ. 6691 (RJS)(DFE), 2008 WL 495316, at *1 (S.D.N.Y. Feb. 26, 2008) ("[U]pon review of a habeas petitioner's objections to a magistrate judge's report and recommendation, the Court may not consider claims raised for the first time in the petitioner's objections-that is, claims not asserted in the petitioner's original and/or supplemental habeas petitions.").

2

Petitioner's objection, even liberally construed, does not challenge Judge Parker's recommendation dismissing two of the petition's claims as procedurally barred. Thus, so long as "no clear error is apparent from the face of the record" the Court may adopt those portions of the Report. *Hancock*, 2012 WL 3089292, at *1. The Court finds no clear error in the Report's well-reasoned conclusion that Petitioner's first two grounds for relief are procedurally barred. The Court therefore adopts those conclusions.

Petitioner's letter can reasonably be interpreted as an objection to the Report's recommendation with respect to Petitioner's ineffective-assistance claim. Liberally construed, Petitioner appears to argue that he is entitled to habeas relief on his ineffective-assistance claim because the lawyer whose conduct is at issue allegedly admitted that he was ineffective. Even reviewing the matter *de novo*, this objection does not affect the validity of the Report's thorough and well-reasoned analysis.

Under *Strickland v. Washington*, an ineffective-assistance claim can succeed only where a lawyer's conduct "fell below an objective standard of reasonableness" *and* "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 692–94 (1984). To satisfy the second prong of this test in the plea context, Petitioner must specifically show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Furthermore, because Petitioner's ineffective-assistance claim was considered on the merits by the state court, he must show that the state's decision was "contrary to, or an unreasonable application of, clearly established" Supreme Court law or that it was "based on an unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d). The Supreme Court has held that a decision is not objectively unreasonable if "fairminded jurists could

disagree" about its correctness. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Whether Petitioner's counsel admitted his own ineffectiveness might conceivably bear on whether his representation of Petitioner was objectively unreasonable, but that is not the ground on which Judge Parker recommended denying the petition here. Rather, the Report concluded that Petitioner had failed *Strickland*'s second prong, which requires that Petitioner show prejudice from his counsel's alleged ineffectiveness. And whether his counsel admitted ineffectiveness has no bearing on whether "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. For all the reasons identified in the Report, Petitioner's failure to establish prejudice is fatal to his claim. *See* Dkt. 19 at 26-30. The Court rejects Petitioner's objection and finds no error, even on *de novo* review, in the Report's resolution of his ineffective-assistance claim.

The Court further declines to issue a Certificate of Appealability. Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Accordingly, Petitioner must demonstrate that any issues on appeal are "debatable" among reasonable jurists or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and citation omitted). Petitioner has not made such a showing, and a Certificate of Appealability is therefore denied. *See Flores v. Keane*, 211 F. Supp. 2d 426, 446–47 (S.D.N.Y. 2001).

For the reasons explained above, the Court adopts Judge Parker's Report and Recommendation in full, denies the habeas petition, and declines to issue a Certificate of

Appealability. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: December 21, 2018
New York, New York

_____
Ronnie Abrams
United States District Judge